IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CARL JONES, ) | |
| ) | |
| *Plaintiff*, ) | Civil Action No: |
| ) | |
| v. ) | |
| ) | Judge |
| William Lee, Governor of the State ) | |
| of Tennessee, in his official capacity; ) | |
| ) | Magistrate Judge |
| And, ) | |
| ) | |
| David Rausch, Director of the Tennessee ) | |
| Bureau of Investigation, in his official ) | |
| capacity; ) | |
| ) | |
| *Defendants*. ) | |

## COMPLAINT

1. Plaintiff Carl Jones brings this 42 U.S.C. § 1983 action alleging that Defendants have violated, and continue to violate, Plaintiff's Constitutional right against *ex post facto* punishment through retroactive imposition on him of Tennessee's sex offender restrictions and monitoring requirements. Plaintiff seeks declaratory and injunctive relief against the Defendants.

## **PARTIES**

2. Plaintiff Carl Jones is an adult resident of Shelby County, Tennessee.

3. Defendant William Lee is the Governor of the State of Tennessee.

4. Defendant David Rausch is the Director of the Tennessee Bureau of Investigation, a state agency with a primary enforcement role in Tennessee's sex offender registration scheme.

# JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are state officials whose offices are located in this district.

# FACTUAL BACKGROUND

## A. Plaintiff's Background

6. Plaintiff is a sixty-three-year-old man.

7. Plaintiff is required under Tennessee law to be registered on Tennessee's Sex Offender Registry (T.C.A. § 40-39-201 et seq.) due solely to a single criminal conviction Plaintiff was convicted of in 1990.

8. Solely due to Plaintiff's 1990 conviction, Tennessee law deems him "Violent against Children" and subjects him to lifetime registration on the sex offender registry and a host of restrictions, obligations, and punishments.

9. Tennessee's sex offender registration and monitoring laws were not passed until several years after Plaintiff was convicted of his qualifying offense.

## B. Tennessee's Sex Offender Registration and Monitoring Regime

10. In 1994, Tennessee passed its first ever sex offender registry law. This law required only that offenders register in a private law enforcement database.

11. Tennessee continued expanding the registry laws through the nineties, increasing reporting requirements and, eventually, making sex offender registrations public for those who had committed their offenses after July 1, 1997.

12. Tennessee continued periodically passing laws expanding its sex offender registration and monitoring regime, until in 2004 Tennessee passed sweeping new restrictions on convicted sex offenders hereinafter referred to as "SORA."

13. SORA imposed stringent registration and reporting requirements on statutorily-defined "sexual offenders," "violent sexual offenders," and "offenders against children," and severely limited where sex offenders could live, work, and go.

14. SORA applied retroactively to past offenders, imposing its labels, restrictions, obligations, and punishments even where an offender's only qualifying offenses had occurred prior to SORA's enactment.

15. In the years since 2004, Tennessee has periodically enacted amendments to SORA, almost all of which have made it even more draconian, intrusive, and punitive.

16. Under present law,[1] Tennessee's SORA regime requires the following affirmative obligations from Plaintiff, on pain of criminal prosecution:

    a. Quarterly registration with local law enforcement;

    b. Payment of annual registration and monitoring fees;

    c. Re-registration within forty-eight hours if Plaintiff relocates to a new municipality or county, even on a temporary basis for work or school;

    d. When in public, <u>always</u> carry his state-issued identification with him, which must have a sex offender designation on it.

17. Tennessee's SORA regime includes a "Tennessee Sex Offender Registry" website maintained by the Tennessee Bureau of Investigation ("TBI"), which makes the following information about Plaintiff public:

---

[1] T.C.A. § 40-39-201 *et seq*.

3

Case 3:23-cv-00562   Document 1   Filed 06/01/23   Page 3 of 9 PageID #: 3

a. Name

b. Classification of "VIOLENT AGAINST CHILDREN"

c. Status of "ACTIVE"

d. Date of birth

e. Full criminal history

f. Residential address

g. Race and gender

h. Last date of information verification

i. Most recent photograph submitted to TBI

j. Driver's license and/or state identification number

k. Physical description including height, weight, eye color, hair color, tattoos, scars, and marks

l. Criminal history, including the date of all arrests and convictions, probation and/or parole status, and the existence of any outstanding warrants

m. Address of Plaintiff's employer(s)

n. License plate number and description of Plaintiff's vehicle(s)

18. SORA prohibits Plaintiff from the following, on pain of felony criminal prosecution:

a. Working or residing within 1000' of a school, day care center, other child care facility, public park, playground, recreation center, or public athletic field;

b. Residing within 1000' feet of the victims from Plaintiff's 1999 case, or any of the victims' family members; coming within 100' of the victims; or, contacting the victims without their consent.

c. Any of the following, unless picking up or dropping off his own child at school after giving written notice of his sex offender status to the school's principal, or attending a conference with officials at a school, day care, child care, recreation center, or playground with written permission from the administrator:

   i. Entering the premises of any school, day care center, other childcare facility, public park, playground, recreation center, or public athletic field when there is reason to believe that children may be present;

   ii. "Stand[ing], sit[ting] idly, or remain[ing]" within 1000' feet of any school, day care center, other child care facility, public park, playground, recreation center, or public athletic field "while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there;"

   iii. Being within any vehicle owned, leased, or contracted by a school, day care, childcare, or recreation center when children under 18 years of age are present;

d. Residing with two or more other convicted sex offenders;

e. Being alone with a minor in a "private area."

f. Residing with, or having an overnight visit in, a place in which a minor is present.

19. SORA authorizes the following additional optional punishments against Plaintiff:

   a. Public libraries may ban Plaintiff from their premises;

   b. Municipalities may implement a "community notification system" to alert members of the public should Plaintiff indicate his intention to move there;

5

    c. A municipality where Plaintiff resides may charge Plaintiff up to $50 per year toward the cost of its community notification system.

### C. <u>Specific Impacts of SORA on Plaintiff</u>

20. SORA's impositions, detailed at ¶¶ 16 – 19, have substantially interfered with Plaintiff's career, family, reputation, and overall enjoyment of life and will continue to substantially interfere so long as Plaintiff is subject to them. Under current law, Plaintiff will continue to be subjected to this SORA enforcement for the rest of his life.

21. SORA requires Plaintiff to report quarterly, and each time he reports he must sign his acknowledgment of the SORA rules. The rules are complex, and each time Plaintiff reports it seems like there are new rules in place. Consequently, Plaintiff routinely feels anxiety that he could be arrested because of a rule change that he is not even aware of.

22. Plaintiff has minor nephews and nieces, five of which live nearby. Plaintiff would like to be able to attend their school, music, and athletic events. However, he cannot attend these events because of SORA.

23. Plaintiff would like to be able to go to state parks and local parks to walk or enjoy the outdoors during nice weather. However, he cannot because of SORA.

24. Plaintiff's neighbors have previously attempted to get him removed from his home and neighborhood because of his registry status. Likewise, the neighborhood online forum has denied him access because of his registry status.

25. Plaintiff feels unsafe being outside or taking walks in his neighborhood, because there is a church school in the neighborhood.

26. Plaintiff is an amateur photographer, and likes to be outside and take pictures of nature. Because of his registry status, he is concerned that neighbors will accuse him of taking inappropriate pictures.

27. Because of SORA, Plaintiff feels unsafe travelling outside Tennessee for longer than a few days without reporting to a local law enforcement agency.

28. Plaintiff would like to be able to take a cruise to South America, but cannot because of his registry status.

29. Every year on Halloween, a squad of armed Shelby County Sheriff's deputies in flak jackets runs up into Plaintiff's driveway and bangs on his door. When Plaintiff has answered the door, they have barked orders at him telling him what he cannot do on Halloween and tried to get his consent to let them come in and search his home. It is intimidating and distressing when this happens to Plaintiff.

30. Plaintiff has had other occasions in which law enforcement have come to his home to check on him because of the registry. On one such occasion, a federal agent accompanied the local officers and ended up inspecting Plaintiff's photos on his computer. Plaintiff has found this invasive and distressing.

31. Plaintiff would like to use a public library without fear of arrest, but feels that he cannot because of the registry laws.

32. Plaintiff would like to be able to volunteer in the community, but his options are extremely limited by SORA.

33. Plaintiff is required to report any online accounts that he establishes to his local law enforcement agency. Plaintiff has a metalworking and a woodworking hobby, and buys his materials online from various companies. He also makes a lot of purchases on

7

Amazon. Plaintiff also has social media accounts. It is intrusive to have to report every online account that Plaintiff sets up to law enforcement.

34. SORA requires Plaintiff to provide the names and addresses of my nearest relatives when he reports. Not all of these relatives know that he is on the registry, and Plaintiff fears that disclosing their names and addresses could lead to harassment of them and humiliation for me.

35. Plaintiff was required by SORA to provide a DNA sample to the TBI and allow it to be maintained, which he found invasive.

36. Plaintiff has considered pursuing a Master's degree in music, but felt deterred from doing so because he would have had to disclose to the university that he is on the registry.

## CLAIMS FOR RELIEF

### COUNT I: EX POST FACTO VIOLATION IN VIOLATION OF ARTICLE I, § 10 OF THE U.S. CONSTITUTION (42 U.S.C § 1983)

### (ALL DEFENDANTS)

37. Plaintiff hereby reincorporates paragraphs 1 – 36 by reference.

38. As applied to Plaintiff, Tennessee's SORA regime constitutes "punishment" within the meaning of the *ex post facto* clause of Article I, § 10 of the U.S. Constitution.

39. Defendants Lee and Rausch are proper official capacity defendants because they both have roles in enforcing Tennessee's SORA regime.

40. Plaintiff is entitled to declaratory and injunctive relief prohibiting Defendants from continuing to enforce Tennessee's SORA regime on him in violation of his constitutional right against *ex post facto* punishment.

**REQUEST FOR RELIEF**

**WHEREFORE**, these premises considered, Plaintiff prays:

1. That the Defendants Answer this Complaint within the time provided by law.

2. That the Court grant a preliminary injunction enjoining Defendants from enforcing Tennessee's SORA regime against Plaintiff solely on the basis of his pre-SORA convictions.

3. That judgment for Plaintiff enter against the Defendants on each count.

4. That the judgment declare that it is unconstitutional for Tennessee to retroactively impose its SORA regime on Plaintiff solely on the basis of his pre-SORA convictions.

5. That the judgment permanently enjoin Defendants from enforcing Tennessee's SORA restrictions against Plaintiff solely on the basis of his pre-SORA convictions.

6. That Plaintiff be awarded his attorney's fees and reasonable litigation expenses, including expert witness fees, pursuant to 42 U.S.C. § 1988 and F.R. Civ. Pro. 54(d).

7. That the court costs in this matter be taxed to Defendants.

8. That Plaintiff be awarded all other relief to which it may appear he is entitled in the interests of justice.

Respectfully submitted,

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
Relentless Advocacy, PLLC
2901 Dobbs Ave
Nashville, TN 37211
T: (615) 429-4717 / F: (615) 229-6387
E: Kyle@relentlesslaw.com